IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

VIVIAN MCLEAN-ROBINSON                                                                    PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:24-CV-48-SA-RP

COFFEEVILLE CONSOLIDATED SCHOOL
DISTRICT, INETRA POLK, *individually*, and
LARRY BLAND, *individually*                                                             DEFENDANTS

ORDER AND MEMORANDUM OPINION

On February 21, 2024, Vivian McLean-Robinson initiated this lawsuit by filing her Complaint [1] against Coffeeville Consolidated School District ("CCSD"), Inetra Polk, and Larry Bland. Her Second Amended Complaint [36], which asserts multiple causes of action against the Defendants, is now the operative complaint. The Defendants filed a Joint Motion to Dismiss [38]. That Motion [38] is now ripe. Having considered the parties' filings and the applicable authorities, the Court is prepared to rule.

*Relevant Background*[1]

Vivian McLean-Robinson, a Black woman, served as CCSD's superintendent from January 3, 2017 until she resigned on March 8, 2021. This lawsuit stems from the circumstances surrounding McLean-Robinson's employment and her eventual resignation.

For context, one of the Defendants, Inetra Polk, formerly held the position of business manager for CCSD. On December 18, 2017, McLean-Robinson terminated Polk's employment "for incompetence, falsifying timesheets and insubordination." [36] at p. 6. At some point thereafter, Polk became a member of CCSD's Board of Trustees ("the Board"). The Second

---

[1] At the outset, the Court notes that McLean-Robinson's Second Amended Complaint [36] is lengthy and contains a myriad of facts yet is at times difficult to follow. The Court has attempted to piece the facts together as clearly as possible.

Amended Complaint [36] alleges that Polk had a vendetta against McLean-Robinson and took multiple actions to disparage her reputation.

The other individual Defendant is Larry Bland, who during the relevant time period held the position of Vice President of the Board. McLean-Robinson alleges that Bland, who is apparently Polk's cousin, disagreed with McLean-Robinson's decision to terminate Polk's employment. The Amended Complaint [36] alleges that Bland and Polk "continuously made false accusations [against McLean-Robinson] without evidence to support their claims. They had a personal vendetta and hatred for the Plaintiff." [36] at p. 6.

The Amended Complaint [36] then articulates—in a rambling nature—various events that McLean-Robinson characterizes as harassment. For instance, she alleges that on May 14, 2019, "after the plaintiff notified the [Board] of theft and missing money, her previous Excellent evaluation had been downgraded too [sic] satisfactory. Mr. Hughes, Board Secretary, scolded the Plaintiff by stating: 'It took you two years to find this out.'" Id. at p. 7. She also references an event in December 2019: "Dr. Carey Wright, State Superintendent, sent a certificate verifying the district's success and growth under the leadership of Dr. Vivian McLean-Robinson. [The Board] failed to acknowledge the superintendent's active participation in this achievement." Id.

According to McLean-Robinson, she "consistently informed the [Board] of being placed in a toxic and hostile environment due to the harassing behaviors of the Board" but her concerns went unaddressed. Id.

The Amended Complaint [36] then goes on for several pages detailing alleged conduct of Polk that McLean-Robinson viewed as offensive and hostile toward her. Ultimately, the factual allegations of the Amended Complaint [36] culminate as follows:

2

> 96. March 5, 2021, Board Secretary, Charlotte Dailey, notified the [Board] that Board Member, Inetra Polk's, harassing behavior had gone unaddressed for more than a year.
>
> 97. March 5, 2021, Board Member, Inetra Polk, emailed the [Board] and the plaintiff alleging the plaintiff led the district to ruins . . .
>
> 98. March 7, 2021, Board President, Roger Jackson's, email confirmed that Board Member, Inetra Polk's, noncompliant and harassing behavior were due to her personal feelings towards the plaintiff. Board Member, Inetra Polk, launched an EEOC lawsuit against the superintendent. . . The case was dismissed without merit.
>
> 99. March 8, 2021, the plaintiff had suffered ill health and emotional stress, from the hostile work environment, willful, insubordination, false allegations, duress and coercion committed on her as a direct result of the Coffeeville Consolidated School District's employees, officers representing the School Board and board members, trustees, and other John and Jane Does to be named later the Plaintiff felt she had no alternative to protect her physical and mental health sign [sic] a letter of resignation.

[36] at p. 25-27.

As these allegations indicate, McLean-Robinson ultimately resigned on March 8, 2021. She later brought this lawsuit. In her Second Amended Complaint [36], McLean-Robinson asserts the following claims: constructive discharge (Count One), breach of contract (Count Two), tortious interference with contract (Count Three), violation of the First Amendment (Count Four), negligence, malice, and conspiracy (Count Five), civil conspiracy (Count Seven), outrage (Count Eight), negligent and intentional infliction of emotional distress (Count Nine), breach of the covenant of good faith and fair dealing (Count Ten).[2]

Through the present Motion [38], the Defendants seek dismissal of all claims.

---

[2] McLean-Robinson voluntarily dismissed Count Six, which was a claim for gender discrimination under Title VII.

3

*Applicable Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the Court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis and Discussion*

Before addressing the substantive defenses that the Defendants raise, the Court feels compelled to note the difficulty it faced in attempting to ascertain McLean-Robinson's allegations and arguments. The Second Amended Complaint [36] spans 45 pages and includes numerous claims, many of which are not properly linked to the factual predicates. Similarly, her Response Memorandum [45] is 31 pages long but includes irrelevant arguments and fails to address many of the bases for dismissal that the Defendants raised. Although the Court has attempted to fully address the pertinent issues, these shortcomings have made the Court's task tedious. Furthermore, the Court notes that it has no obligation to search the record for facts or evidence to support a non-

moving party's position. *See, e.g.*, *Goree v. City of Verona*, 2021 WL 4449985, at *6 n. 7 (quoting *Head v. Smith*, 2021 WL 4168390, at *2 (E.D. La. Sept. 14, 2021) ("The Court also notes that it 'has no duty to survey the entire record in search of evidence to support a non-movant's position.'") (additional citation omitted).

With that background in mind, the Court turns to the merits, beginning with the state law claims.

    I.    *State Law Claims*

The Mississippi Tort Claims Act ("MTCA") waives the sovereign immunity of political subdivisions "[f]rom claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment." MISS. CODE ANN. § 11-46-5(1).[3] Pursuant to the MTCA, "[a]n employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." *Id*. at § 11-46-7(2).

The MTCA "provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit." *Spencer v. City of Jackson, Miss.*, 511 F. Supp. 2d 671, 673 (S.D. Miss. 2007) (quoting *Simpson v. City of Pickens*, 761 So. 2d 855, 858 (Miss. 2000)). Importantly though, the immunity waiver is limited—it does not extend to actions an employee takes while acting outside the course and scope of employment. *See* MISS. CODE ANN. § 11-46-5(2). Therefore, "a government entity shall not be liable or be considered to have waived

---

[3] CCSD is a governmental entity for purposes of the MTCA. *See id*. at § 11-46-1(i).

5

immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, slander, defamation or any criminal offense other than traffic violations." *Id*.

The Court will address the claims in the order that the Defendants raised them in their Memorandum [39] in support of dismissal.

    *i.*    *Negligence and Negligent Infliction of Emotional Distress*

The Court begins with McLean-Robinson's negligence-based claims. In Count V of the Second Amended Complaint [36], McLean-Robinson asserts claims for "negligence, malice and conspiracy" and avers:

> At all times material hereto, these Defendants, named and unnamed, and their agents, representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons who[se] acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of these Defendants and their agents, representatives, and employees.

[36] at p. 40.

Candidly, the connection between these allegations and a negligence claim is difficult to discern. Count IX includes a claim for negligent infliction of emotional distress.

Rather than attacking the underlying merits of these claims, the Defendants point out that the claims are time-barred. The MTCA sets forth the following specific limitations period:

> All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer of the state entity or the chief executive officer or other statutorily designated official of a political subdivision receives the notice of claim.

MISS. CODE ANN. § 11-46-11(3)(a).

The Defendants contend that by even the most generous of interpretations, McLean-Robinson's claims accrued on March 8, 2021—the date of her resignation. As required by the MTCA, she submitted a notice of claim to CCSD. *See id*. Her presuit notice of claim is dated March 7, 2022. *See* [38], Ex. 1. By operation of the statute, the submission of the notice of claim extended the limitations period for 95 days, after which McLean-Robinson had "an additional ninety (90) days to file suit[.]" *Id*. at § 11-46-11(3)(b).

The instant lawsuit was not filed until February 21, 2024—almost two years later and well beyond the applicable deadline. In her Response Memorandum [45], McLean-Robinson contends that her "claims were timely filed as the Defendants' actions and omissions occurred on or after February 21, 2021, or, alternatively, the continuing tort doctrine applies. Further in the alternative, many of the actions and/or omissions of the Defendants were only recently discovered on or after February 21, 2021, or were fraudulently concealed from Plaintiff." [45] at p. 14-15. Concerning the reference to February 21, 2021, McLean-Robinson clearly seems to be addressing the potential applicability of a three-year limitations period. As noted previously, the MTCA claims are subject to a *one*-year limitations period. *See* MISS. CODE ANN. § 11-46-11(3)(a). McLean-Robinson's argument is thus inherently flawed. She also makes passing references to the continuing tort doctrine and fraudulent concealment, yet she wholly fails to articulate how either of these doctrines have any applicability here. Without more, the Court finds any reference to the same unavailing.[4]

Ultimately, McLean-Robinson failed to comply with the one-year limitations period applicable to her negligence-based claims under the MTCA. Her claims for negligence and

---

[4] In their Memorandum [39], the Defendants anticipated that McLean-Robinson might raise her filing of a complaint in Yalobusha County Circuit Court on these same facts as a potential basis to toll the statute of limitations. According to the Defendants, the state court lawsuit was filed on February 21, 2024, and concerned the same facts at issue in this case. McLean-Robinson did not address the state court lawsuit in her Response Memorandum [45], and the Court has no other information before it regarding that lawsuit or its outcome. Therefore, the Court has not considered it in any way in its analysis.

negligent infliction of emotional distress are therefore untimely. They are DISMISSED *with prejudice*.

    ii.    *Civil Conspiracy*

Count VII of McLean-Robinson's Amended Complaint [36] asserts a civil conspiracy claim. And as noted previously, Count V contains a vague "conspiracy" reference.

The Defendants contend that a civil conspiracy claim is governed by the MTCA and therefore subject to its one-year limitations period. They cite a 2023 case wherein the Mississippi Supreme Court applied the MTCA's one-year limitations period to a civil conspiracy claim. *See Moton v. City of Clarksdale*, 367 So. 3d 979, 982-83 (Miss. 2023). In her Response Memorandum [45], McLean-Robinson does not address the Defendants' argument on this point. *See, e.g., Sanders v. Sailormen, Inc.*, 2012 WL 663021, at *3 (N.D. Miss. Feb. 28, 2012) (collecting cases) ("Failure to address a claim results in the abandonment thereof.").

The Defendants' position is correct. McLean-Robinson's civil conspiracy claim is barred by the MTCA's limitations period, and she has otherwise abandoned the claim in failing to address it in her Response Memorandum [45]. It is DISMISSED *with prejudice*.[5]

    iii.    *Intentional Torts*

In Count VIII, McLean-Robinson asserts a claim for "the common law tort of outrage." [36] at p. 42. She also asserts an intentional infliction of emotional distress claim and a claim for "malice."

The Mississippi Court of Appeals has previously explained that a claim for outrage is "tantamount to intentional infliction of emotional distress." *Jones v. City of Hattiesburg*, 228 So.3d 816, 819 (Miss. Ct. App. 2017). The Mississippi Supreme Court has relatively recently recognized

---

[5] To be clear, the dismissal applies to Count V as well as Count VII insofar as McLean-Robinson alleges a civil conspiracy claim in that Count.

that both of these claims are subject to a one-year limitations period. *See Burnett v. Hinds Cnty. by and through Board of Supervisors*, 313 So. 3d 471, 477 (Miss. 2020) (citing *Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (Miss. 2010); *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1252 (Miss. 2015)) ("Intentional infliction of emotional distress is also barred by a one-year statute of limitations. The tort of outrage is synonymous with intentional infliction of emotional distress and also subject to the one-year statute of limitations.").

McLean-Robinson clearly failed to comply with the one-year limitations period, even applying the most liberal date for which her claims could have accrued. Her claims for outrage and intentional infliction of emotional distress are hereby DISMISSED *with prejudice*.

As to McLean-Robinson's claim for "malice," the Defendants assert that "[m]alice refers to a defendant's state of mind and is an element of some intentional torts, but it is not, in and of itself, an independent tort in Mississippi." [39] at p. 8 (citing *Nassar v. Concordia Rod & Gun Club, Inc.*, 682 So. 2d 1035, 1038 (Miss. 1996); *Hammack v. Czaja*, 769 So. 2d 847, 854 (Miss. Ct. App. 2000)).

The Defendants' position appears to be correct. Notably, McLean-Robinson did not address this argument in her Response Memorandum [45]. She has therefore abandoned that claim. *See Sanders*, 2012 WL 663021 at *3.[6] McLean-Robinson's independent claim for malice is hereby DISMISSED *with prejudice*.

    iv.    *Contract-based Claims*

In Count I of the Second Amended Complaint [36], McLean-Robinson asserts a claim for constructive discharge, wherein she alleges that "[t]he Defendant's actions as detailed above made the Plaintiff's work in 'intolerable working conditions' which made the plaintiff's working

---

[6] Even if McLean-Robinson had not abandoned that claim, CCSD would clearly be immune pursuant to Section 11-46-5(2).

conditions impossible to work in thus resulting in the Plaintiff's resignation of March 8, 2021." [36] at p. 27.

"Constructive discharge is not itself a stand-alone cause of action." *Brune v. Takeda Pharma. U.S.A., Inc.*, 2019 WL 3323511, at *5 (S.D. Miss. July 24, 2019) (citations omitted). "Rather, constructive discharge is a method of proving a wrongful termination or breach of contract[.]" *Id.* (citations omitted). In a recent case, the District Court for the Southern District of Mississippi treated a plaintiff's constructive discharge claim as a claim for wrongful termination subject to the MTCA's presuit notice requirement. *See Beacham v. City of Brookhaven, Miss.*, 2023 WL 4918346, at *3 (S.D. Miss. Aug. 1, 2023) ("Because Plaintiff failed to comply with the MTCA's presuit notice requirement, the state law constructive discharge or wrongful termination claim in Count II must be dismissed.").

The Defendants' request for dismissal of this claim is straightforward—it was not included in McLean-Robinson's presuit notice of claim and is therefore barred by the MTCA. Although the presuit notice asserts claims for breach of contract and tortious interference with contract, the Defendants are correct that it contains no claim for constructive discharge or wrongful termination. The constructive discharge claim asserted in Count I therefore appears to be barred by the MTCA's notice requirement. Furthermore, McLean-Robinson does not address this argument whatsoever in her Response Memorandum [45]. *See, e.g., Sanders*, 2012 WL 663021 at *3.

McLean-Robinson's constructive discharge claim is barred, and she has otherwise abandoned the claim. It is DISMISSED *with prejudice*.

In Count II of the Amended Complaint [36], McLean-Robinson asserts a breach of contract claim. She contends that CCSD breached numerous provisions of her employment contract. Arguing for dismissal, CCSD contends that McLean-Robinson's breach of contract claim is in

reality a tortious interference with contract claim which is subject to the MTCA's one-year limitations period. In other words, CCSD contends that this claim is a tort claim that McLean-Robinson has simply relabeled as a breach of contract claim in an effort to circumvent the MTCA.

The Court disagrees. In the Second Amended Complaint [36], McLean-Robinson points to multiple provisions of her employment contract with which she contends CCSD breached. Considering the stage of the proceedings, the Court need not walk through each of the provisions which McLean-Robinson contends that CCSD breached and the evidence that will be required to sustain such a claim. Instead, she need only allege sufficient facts that plausibly state a breach of contract claim. She has done so in her Second Amended Complaint [36].

The Defendants attempt to recharacterize this breach of contract claim as a tort claim subject to the MTCA is rejected. McLean-Robinson will be permitted to proceed on her breach of contract claim against CCSD.[7] But having reached that conclusion, the Court provides a caveat as to the pleading standard set forth in more detail hereinafter.

In Count III, McLean-Robinson asserts a tortious interference with contract claim against Bland and Polk. The Defendants concede that this claim is not subject to the MTCA and that the general three-year statute of limitations is applicable. *See generally Geico Cas. Co. v. Stapleton*, 315 So. 3d 464, 467-69 (Miss. 2021). However, the Defendants take the position that McLean-Robinson's claim accrued well prior to her last day of employment and that she consequently did not comply with the three-year limitations period when she filed the instant lawsuit on February 21, 2024.

---

[7] The Second Amended Complaint [36] does not make clear whether McLean-Robinson intends to assert her breach of contract claim only against CCSD or against CCSD and the individual Defendants. However, neither Bland nor Polk are parties to the employment contract and therefore cannot be liable for a general breach of contract claim. *See* [36], Ex. 1; *Wood v. North Miss. Health Servs., Inc.*, 2023 WL 6396045, at *23 (N.D. Miss. Sept. 29, 2023). Therefore, to the extent the Second Amended Complaint [36] asserts a claim for breach of contract against them individually, the claim is DISMISSED *with prejudice*.

For purposes of this stage of the proceedings, this argument is rejected. Discovery will potentially assist in developing the timeline of relevant events as it pertains to this claim. The Defendants may re-urge this argument at a later stage, if appropriate.

In Count X of the Second Amended Complaint [36], McLean-Robinson contends that CCSD breached her employment contract's implied covenant of good faith and fair dealing. Claims for breach of the implied covenant of good faith and fair dealing are governed by the MTCA. *See* MISS. CODE ANN. § 11-46-3(1) ("The Legislature of the State of Mississippi finds and determines as a matter of public policy and does hereby declare, provide, enact and reenact that the 'state' and its 'political subdivisions' . . . are . . . immune from suit at law or in equity on account of any wrongful or tortious act or omission *or breach of implied term or condition of any warranty or contract*[.]") (emphasis added).

The District Court for the Southern District of Mississippi recently dismissed a breach of implied covenant of good faith and fair dealing claim where a plaintiff failed to comply with the MTCA's notice requirement. *See Moore v. Jackson Pub. Sch. Dist.*, 2024 WL 3687098, at *7 (S.D. Miss. Aug. 6, 2024) ("The MTCA applies to [the breach of implied covenant of good faith and fair dealing] claim and required [the plaintiff] to file a notice of claim with [the defendant] of her impending lawsuit 90 days before filing suit."); *see also Jones v. Miss. Inst. Higher Learning*, 264 So. 3d 9, 24 (Miss. Ct. App. 2018) ("The Supreme Court has now held that [the MTCA applies] to claims alleging 'breach of an implied term or condition of any . . . contract.'"); *City of Jackson v. Estate of Stewart ex rel. Womack*, 908 So. 2d 703, 711 (Miss. 2005) ("We therefore hold that Miss. Code Ann. § 11-46-3 grants immunity to the state and its political subdivisions for 'breach of implied term or condition of any warranty or contract.'").

12

Here, McLean-Robinson's presuit notice of claim clearly does not include a claim for breach of the implied covenant of good faith and fair dealing. Even if she had complied with the notice requirement with respect to this claim, the claim is otherwise barred by the MTCA's one-year limitations period. Her claim for breach of the implied covenant of good faith and fair dealing fails for both of those reasons. It is DISMISSED *with prejudice*.

II.     *Federal Claim*

In Count IV of the Second Amended Complaint [36], McLean-Robinson alleges a First Amendment retaliation claim. In support of dismissal, CCSD contends that McLean-Robinson's Second Amended Complaint [36] fails to specifically identify the speech at issue. In short, the Court agrees. The Second Amended Complaint [36] is not lacking in alleged wrongful treatment of McLean-Robinson, presumably because of statements that she made. However, it is not clear to this Court *precisely* which speech she contends she experienced retaliation because of. The Second Amended Complaint [36] also does not identify a policy or custom pursuant to which she intends to impose *Monell* liability against CCSD.

As set forth hereinafter, the Court will provide McLean-Robinson an opportunity to amend to clarify the issue.

III.    *Opportunity to Amend*

As the Court has previously noted, the Second Amended Complaint [36] and the Response Memorandum [45] are quite difficult to follow at times. In this ruling, the Court has dismissed a significant number of McLean-Robinson's claims, thereby narrowing the issues in this case. Having done so, the Court finds it appropriate to provide McLean-Robinson one final opportunity to amend her complaint. McLean-Robinson shall properly plead her breach of contract, tortious interference with contract, and First Amendment retaliation claims. In doing so, she is directed to

keep in mind the general federal pleading standards and, in particular, her obligations to state a short, plain statement of her entitlement to relief and link her causes of action to their factual predicates. *See* FED. R. CIV. P. 8(a); *White v. City of Grenada, Miss.*, 2021 WL 4449276, at *5 (N.D. Miss. Sept. 28, 2021) ("District courts have a supervisory obligation to sua sponte order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.") (citations and internal quotation marks omitted).

Should McLean-Robinson fail to comply with the applicable standards, the Court will not hesitate to dismiss her remaining claims. The Defendants may, if appropriate, seek dismissal of those claims once the amended pleading is filed.

*Conclusion*

For the reasons set forth above, the Defendants' Motion [38] is GRANTED IN PART. All claims—other than McLean-Robinson's breach of contract claim against CCSD, her tortious interference with contract claim against Bland and Polk individually, and her First Amendment retaliation claims—are DISMISSED *with prejudice*.

McLean-Robinson shall have 14 days from today's date to file her third amended complaint asserting her breach of contract, tortious interference with contract, and First Amendment retaliation claims in accordance with the directives set forth herein. Should she fail to do so, the Court will dismiss the case without further notice.

SO ORDERED, this the 14th day of July, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE